# CIRCUIT COURT OF FAIRFAX COUNTY

Bruce L. Johnson

v.

Coffeewood Correctional
Center et al.

April 9, 1999

Case No. (Law) 176595

BY JUDGE JONATHAN C. THACHER

On February 10, 1998, the Supreme Court of Virginia directed this matter to the Circuit Court for a determination of the issue of ineffective assistance of counsel as alleged in the petition for a Writ of Habeas Corpus. Accordingly, pursuant to the provisions of § 8.01-657 of the Code of Virginia (1950, as amended), on April 6, 1999, this Court held a plenary hearing to determine the ineffective assistance of counsel issue. At the hearing, the Defendant offered evidence and testimony from his trial counsel. The Commonwealth offered as evidence the entire case file and record and cross-examination of Defendant's trial counsel.

## I. *Background*

The facts in this case are not materially in dispute. The Petitioner, Bruce L. Johnson, was indicted, tried, and convicted of one count of distribution of cocaine pursuant to Va. Code § 18.2-248. As part of the pre-trial process, Defendant's counsel filed an appropriate discovery motion pursuant to Rule 3A:11 which requested, *inter alia*, disclosure of any and all statements the Defendant made to law enforcement officers. The Commonwealth provided a written response as well as direct access to the case detective. Neither of

these sources of information disclosed to Defendant's counsel any substantive statements relevant to this determination.

During his testimony at trial, Detective Tyler Armel, the investigator, testified (in response to an open-ended inquiry as to what occurred while the Detective and the Defendant waited in an automobile for the drugs to be delivered to Defendant for ultimate sale to the undercover officer) that the Defendant made statements. Specifically, Detective Armel testified: "He had some interesting stories to talk about when he had been in Vietnam, which I doubted, and having killed a police officer somewhere in Fairfax County, on the Courthouse steps, or something to that effect, which I really didn't believe at the time." (July 24, Tr., p. 59, 60.)

It is clear from both the record and testimony that defense counsel did not make a contemporaneous objection to this statement by Detective Armel, nor did defense counsel ask for a curative instruction, or mistrial. Defense counsel candidly admitted that he was taken by surprise because Detective Armel had advised defense counsel just minutes before that the discussion between him (Armel) and the Defendant was not significant. It was merely a general discussion, and Armel could not recall any specifics.

The next witness for the Commonwealth was Detective Holland. Detective Holland was present during the transaction; he monitored an electronic listening device attached to Detective Armel which permitted him to hear the conversations between the Defendant and Detective Armel. Upon inquiry by defense counsel, Detective Holland related that he did not hear the Defendant make any statement concerning the killing of a police officer as alleged by Detective Armel.

Following instructions by the Court, the jury deliberated and initially was unable to reach a verdict. Subsequent to delivery of an "Allen charge," the jury returned a guilty verdict. Prior to beginning the penalty phase, the Court delivered an agreed stipulation to the jury:

> It has been stipulated that Detective Armel's statement yesterday about the Defendant being involved in the shooting of a county police officer should be disregarded by the jury. Detective Armel investigated the claim at the time and found it to be untrue, and he stated yesterday that he did not believe it. But just so there is no confusion by the jury, it is agreed by both the Commonwealth's Attorney and defense counsel that no such incident involving Mr. Johnson occurred.

During closing argument, defense counsel made a cogent argument to the jury that Detective Armel was not worthy of belief, based upon Detective Holland's testimony refuting the content of the conversation between Armel and the Defendant.

During the plenary hearing, defense counsel also testified that although he did not know what to do about the "killing a police officer" testimony of Armel, he did not want to underscore the statement by seeking a mistrial and having the motion denied. Defense counsel also did not seek a cautionary instruction which, in his view, also would underscore the issue. Instead, defense counsel testified that he decided to attack the credibility of Detective Armel through the testimony of Officer Holland. Defense counsel testified that he had confidence in this plan based upon his knowledge of Officer Holland and Officer Holland's reputation and based upon a previous discussion with Officer Holland which refuted Detective Armel's account. In fact, just such testimony was elicited from Officer Holland.

The Defendant was convicted on one count of distribution of cocaine and sentenced to ten years in the state penitentiary. Defendant also received a fine of $2,500.00. The Court entered judgment on the jury verdict on October 27, 1995, and ran the sentences concurrent with Counts I and II of Criminal No. K88560.[1]

The Defendant's claim of ineffective assistance of counsel centers upon defense counsel's statement that he was shocked and "didn't know what to do" about the testimony of Officer Armel. It is clear, however, that defense counsel made a conscious trial decision not to underscore officer Armel's inadmissible statement, not to seek a mistrial, but instead to impeach the testimony of Officer Armel through the testimony of Officer Holland. The Defendant, at that juncture, was armed with a statement by Officer Holland as well as direction by the Court (through stipulation) that such an incident (of the killing of a police officer) had not occurred. Defense counsel utilized this information during his closing argument to the jury by attempting to persuade the jury not to give credibility to the testimony of Officer Armel.

---

[1] Both the Defendant's Petition for Habeas Corpus Relief and the brief of his current counsel indicate incorrectly that the Defendant was sentenced to a term of imprisonment of fifteen years for this offense. Such claim is contrary to the sentencing order in this case.

## II. *Analysis*

The United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984), set forth the standard for determination of a justiciable claim for ineffective assistance of counsel. The Court set forth a two-pronged test which must be met by the petitioner to prevail. Specifically, a petitioner must establish by a preponderance of the evidence, considering the totality of the circumstances, that: (1) counsel's performance fell below an objective standard of reasonableness; and (2) counsel's deficient performance prejudiced the Defendant resulting in an unreliable or fundamentally unfair outcome of the proceedings. *Id.* at 688-693.

Failure of a petitioner to satisfy either prong of this test negates the need to consider the other, and the petitioner must point to actual ineffectiveness either through specific errors or omissions of counsel and may not rely solely on the surrounding circumstances in order to prove ineffective assistance. *United States v. Cronic*, 466 U.S. 648, 665 (1984). Also, prejudice as set forth in the second prong is not presumed with the limited exceptions of an actual conflict of interest, an actual denial of counsel, or state interference with counsel's representation. *Id.*

The Virginia Supreme Court, in setting forth its view of *Strickland, supra*, makes the issue clear. *See, Williams v. Warden of the Mecklenburg Correctional Center*, 254 Va. 16, 22 *et seq.* (1997). To establish prejudice, a petitioner must show that the errors of the attorney are so serious as to deprive the petitioner of a fair trial and that a petitioner must show ineffective assistance and actual prejudice. *Id.* The Court further defined prejudice as such error as to deprive the petitioner of a fair trial, a trial whose result was unreliable. *Id.*

It is clear from this record that Detective Armel made conflicting and misleading statements to defense counsel. Testimony disclosed that Armel suggested to defense counsel, on the day of trial, that he (Armel) could not recall any specifics about his discussion with the Defendant on the night of the drug transaction. This was consistent with the written discovery provided to the defense. Detective Armel then testified as to Defendant's alleged claim of killing a police officer. At a time of his testimony, Detective Armel knew that such a statement was unfounded. This was evidenced later by the Stipulation provided to the jury. This Court can only lament the lack of candor or inability of this officer to refrain from "gamesmanship" with the defense counsel or the officer's apparent desire to provide unwarranted and inadmissible information to the jury.

Because of Armel's testimony, however, defense counsel was armed with sufficient working material to impeach Detective Armel by utilizing the contrary statement of Officer Holland as well as the stipulation read by the Court that the alleged killing of a police officer had not occurred. It is hard to conceive of a better impeachment of the principal investigator than that which presented itself to defense counsel. Indeed, defense counsel utilized it in his closing argument to the jury (July 24, Tr., p. 131-32) and repeated the text of Detective Armel's allegation to the jury.

## III. *Conclusion*

Upon consideration of all of the evidence, I cannot find that the conduct of defense counsel either objectively fell below the standard of reasonableness, nor that his performance was so deficient that it prejudiced the Defendant or resulted in an unreliable or fundamentally unfair outcome of the proceedings. Instead, it appears clear that defense counsel, when faced with the unfortunate and unwarranted statement of Officer Armel, made a tactical decision to use it to impeach the Commonwealth's primary witness.

For all the foregoing reasons, the petition is denied.